UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-02157-Reid

UNITED STATES OF AMERICA

v.

LUIS VIRGILIO ENDERICO BEHR,

Defendant.
_____/

FILED BY ____mp____ D.C.

Jan 27, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

MICHAEL S. DAVIS
ACTING UNITED STATES ATTORNEY

By:   /s/ Andres E. Chinchilla
      Andres E. Chinchilla
      Assistant United States Attorney
      U.S. Attorney's Office, Southern District of Florida
      99 NE 4th ST
      Miami, FL 33132
      (305) 961-9102
      andres.chinchilla2@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
для the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| | ) Case No. 25-mj-02157-Reid |
| LUIS VIRGILIO ENDERICO BEHR, | ) |
| | ) |
| | ) |
| *Defendant.* | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 25, 2025__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 554 | Knowingly exporting from the United States an object contrary to any law of the United States. |
| 18 U.S.C. § 922(e) | Delivering firearms to a common carrier for transportation in foreign commerce. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jessica Matos, Special Agent HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Face Time__

Date: 1/26/2025

_____
*Judge's signature*

City and state: __Miami, Florida__   Honorable Lisette M. Reid, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jessica Matos, being duly sworn, hereby depose and state the following:

### AGENT INTRODUCTION AND BACKGROUND

1. I am a Special Agent with Immigrations and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), Special Agent in Charge, Miami, Florida. I have been so employed since February 2021. As a Special Agent, I investigate federal violations related to firearms, including international and domestic firearms trafficking. I have participated in training programs on investigations of the exportation and smuggling of illegal contraband and merchandise including firearms and ammunition outside of the United States. As a law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), I am empowered by law to conduct investigations of and to make arrests for federal offenses enumerated in Titles 8, 18, 19, 21 and 31 of the United States Code.

2. As a Special Agent, I have attended the United States Homeland Security Investigations Special Agent Training, at the Federal Law Enforcement Training Center, in Glynco, Georgia. I was trained in conducting investigations related to weapons smuggling and distribution activities. I am currently assigned to the Border Enforcement Security Taskforce, where investigations conducted are related to violations of Titles 8, 18, 19, 21 and 31 of the United States Code.

3. The information contained in this affidavit is submitted for the sole purpose of establishing probable cause that on or about January 25, 2025, **Luis Virgilio ENDERICA BEHR ("ENDERICA")**, together with co-conspirators known and unknown, did knowingly and willfully deliver or cause to be delivered to a contract carrier for transportation in foreign commerce, to persons other than licensed importers or manufacturers, two (2) suitcases that

1

contained eighteen (18) pistol style handguns and fifty-four (54) magazines, in violation of Title 18, United States Code, Section 922(e), and Title 18, United States Code, Section 554. Title 18, United States Code, Section 922(e) prohibits knowingly and willfully delivering or causing to be delivered a package or container containing firearms or ammunition to a common or contract carrier, if the package or container was intended for transportation in foreign commerce, and if the package or container was intended to be transported to someone other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, and if written notice was not provided to the carrier that firearms or ammunition were being transported or shipped. Title 18, United States Code 554 prohibits fraudulently or knowingly exporting from the United States any merchandise, article, or object contrary to any law or regulation of the United States.

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation.

**PROBABLE CAUSE**

5. On or about January 25th, 2025, Homeland Security Investigations ("HSI") received information from Customs Border Protection ("CBP") located in Miami International Airport, regarding a passenger traveling outbound to Guayaquil, Ecuador, who was found carrying eighteen (18) firearms and fifty-four (54) magazines. Special Agents arrived at the Miami International Airport Enforcement area, in terminal D, and completed an inspection of the passenger and their checked luggage. Customs Border Protection ("CBP") along with Homeland

Security Investigations ("HSI"), conducted the outbound border search of subject **Luis Virgilio ENDERICA BEHR**. The inspection revealed that the following items were located inside the checked luggage belonging to **ENDERICA BEHR**: approximately one (1) Glock model 47 9mm caliber firearm, one (1) Ruger model RXM 9mm caliber firearm, two (2) Glock model 19X 9mm caliber firearms, one (1) Springfield Armory model Echelon 9mm caliber firearm, one (1) Springfield model XD-9 9mm caliber firearm, two (2) Springfield model Hellcat 9mm caliber firearms with optic, one (1) Glock of unknown model 9mm caliber firearm, two (2) Beretta model APX 9mm caliber firearm, one (1) Sig Sauer model P320 M17 9mm caliber firearm, one (1) Glock model 43X 9mm caliber firearm, one (1) Kimber model R7 Mako 9mm caliber firearm, one (1) Smith and Wesson model Equalizer 9mm caliber firearm, one (1) FN Herstal model 509 9mm caliber firearm, one (1) Ruger model RXM 9mm caliber firearm, one (1) Glock model 26 Gen 5 9mm caliber firearm, and fifty-four (54) 9mm magazines. These items were discovered inside of the checked luggage belonging to **ENDERICA BEHR**.

6. Through investigative means, CBP confirmed subject **ENDERICA BEHR** did not possess the proper exportation licensing to legally transport the firearms and magazines out of the United States, and into the Country of Ecuador. On July 13, 2024, **ENDERICA BEHR** had been detained by CBP and found carrying five (5) pistol style firearms in his luggage. At the time, **ENDERICA BEHR** did not possess the proper exportation licensing to transport the five (5) firearms, or any firearms, out of the United States. CBP fully advised **ENDERICA BEHR** of the exportation laws and instructed him of the proper documentation needed to export weapons. "CBP" advised **ENDERICA BEHR** that he needed an ATF form 9 for permanent firearms export, a CBP form 4457 for temporary export of weapons, a Business Export License (SNAP-R), and an Electronic Export Information form (EEI). CBP also informed **ENDERICA BEHR** the

best option for exporting weapons was to seek the service of a professional weapons dealer/broker, who is well practiced in the export process for weapons.

7. During the inspection, a manual search of the subject's iPhone 12 mini showed a chat with an individual listed as "Nene", in which he stated that he cannot lose any of the weapons, as all eighteen weapons have been sold already, in Ecuador. He advises Nene that if they do not present all eighteen weapons to the buyer, the buyer will back out of the deal. He further stated that the buyer, who previously purchased weapons from him, is the one who will purchase all eighteen guns he is attempting to export.

## CONCLUSION

8. Based on the forgoing, I respectfully submit that there is probable cause to support a criminal complaint against **ENDERICA BEHR** for violation of Title 18, United States Code, Section 922(e), and Title 18, United States Code, Section 554.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
JESSICA MATOS
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this 26th day of January, 2025.

_____
HONORABLE LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

4